UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6

| Case No. | CV 12-2597-DMG (AJWx) | Date | April 30, 2012 |
|---|---|---|---|

| Title | U.S. Bank National Association v. Edgar Winslow, Sr., et al. | Page | 1 of 2 |
|---|---|---|---|

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS – ORDER REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT**

On September 19, 2011, plaintiff U.S. Bank National Association filed a complaint in Los Angeles County Superior Court for unlawful detainer against Edgar Winslow, Sr., Sheila Winslow, and Does 1 through 10. Plaintiff seeks possession of real property and restitution for defendants' use and occupancy of the property in the amount of $50 per day. (Compl. at 3.)

On February 6, 2012, defendants filed a notice of removal asserting subject matter jurisdiction on the basis of civil rights issues, 28 U.S.C. § 1443(1), thereby commencing the action, *U.S. Bank National Association v. Winslow, et al.*, CV 12-1020-DMG ("First Notice of Removal"). That action was remanded on February 22, 2012 because 28 U.S.C. § 1443(1) did not provide subject matter jurisdiction and because there was no other basis for subject matter jurisdiction.

On March 26, 2012, defendants again filed a notice of removal commencing the instant action, again asserting subject matter jurisdiction on the basis of civil rights issues, 28 U.S.C. § 1443(1). This second notice of removal is identical to the First Notice of Removal, but adds two pages of what appears to have been cut and pasted from an unrelated brief addressing issues of (1) federal question jurisdiction in a pre-litigation discovery petition when the discovery sought was for the purpose of pursuing a federal claim and (2) diversity jurisdiction in a pre-litigation discovery petition when the discovery sought was related to a state law claim, where the parties were diverse.

As this Court explained in the February 22, 2012 remand order issued in CV 12-1020-DMG, the removal statute that defendants invoke, 28 U.S.C. § 1443(1), permits a defendant to remove an action "[a]gainst any person who is denied or cannot enforce in [state court] a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof."

---

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk VV |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 12-2597-DMG (AJWx)** | Date | April 30, 2012 |
| Title | *U.S. Bank National Association v. Edgar Winslow, Sr., et al.* | Page | 2 of 2 |

   A petition for removal under § 1443(1) must satisfy the two-part test articulated by the Supreme Court in *Georgia v. Rachel*, 384 U.S. 780, 788-92, 794-804, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966), and *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824-28, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966). First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights. Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights.

*Patel v. Del Taco, Inc.*, 446 F.3d 996, 998-99 (9th Cir. 2006) (citations and internal quotation marks omitted). Defendants' allegations again fail to state a basis for removal under 28 U.S.C. § 1443(1).

   As before, the Court can discern no basis for subject matter jurisdiction. The complaint raises no federal question. Federal jurisdiction cannot rest upon an actual or anticipated defense or counterclaim. *Vaden v. Discover Bank*, 556 U.S. 49, 60-61, 129 S.Ct. 1262, 173 L.Ed.2d 206 (2009).

   To the extent defendants may be relying on diversity jurisdiction, that also provides no basis for subject matter jurisdiction. The amount in controversy is well below the $75,000 jurisdictional threshold. *See* 28 U.S.C. § 1332(a). The caption of the underlying state court complaint clearly states that the amount of damages sought by plaintiff does not exceed $10,000. The complaint asserts that the fair and reasonable rental value of the property is $50 per day (Compl. at 3). There is no reason to suspect that the cost to defendants of renting a comparable place of abode would be materially greater than $50 per day. The value of the property is irrelevant as this lawsuit does not involve the property's *title*.

   The Court finds no basis for subject matter jurisdiction in this case. Accordingly, this action is hereby **REMANDED** to Los Angeles County Superior Court.

   IT IS SO ORDERED.